UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEONTRE hURST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:17CV2459 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Deontre Hurst's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 ("Motion"), filed September 22, 2017. (ECF No. 1). This matter is fully briefed and ready for disposition.

**BACKGROUND**

On May 26, 2016, Hurst pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. §922(g). (ECF No. 24). On October 4, 2016, Hurst was sentenced to 48 months imprisonment. (ECF No. 47). The District Court ordered that the federal sentence run concurrent with any sentence imposed in Hurst's St. Louis City, Missouri Circuit Court case and consecutive to any sentence imposed in Hurst's St. Louis County, Missouri Circuit Court case. (ECF No. 47 at 2; Case No. 4:16cr135, ECF No. 47).

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. §2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th

Cir. 2011) (internal citations omitted). To warrant relief under §2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); *Hill v. United States*, 368 U.S. 424, 428-29, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

## **DISCUSSION**

In his §2255 Petition, Hurst contends his petition for habeas relief should be granted based upon ineffective assistance of counsel. (ECF No. 1). Hurst maintains his counsel was ineffective because he failed to object to the federal sentence being served partially consecutive to Hurst's state court sentence and for failing to request his 12-month pre-sentence time served be credited from his imposed 48-month sentence. In response, the government claims that both of these grounds were not preserved on direct appeal and as a result are not cognizable on a motion to vacate under Section 2255. (ECF No. 5 at 2).

The Court holds that Hurst's habeas claims are not cognizable because he did not raise them on direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594-95, 71 L.Ed.2d 816 (1982); *Auman v. United States*, 67 F.3d 157, 161 (8th Cir.1995). Here, Hurst failed to raise these issues on direct appeal and has not established cause for his procedural default or actual prejudice. The Court denies Hurst's motion for habeas relief based upon his failure to file a direct appeal.

In addition, the Court holds that Hurst's claims fail on the merits. First, Hurst argues that the district court erred in ordering his federal sentence to be served consecutive to a state sentence that had not yet been imposed. (ECF No. 1 at 3-4). Under Supreme Court precedent, a federal court can order a federal sentence to be imposed consecutive to a state sentence that has not yet been imposed. *See Setser v. United States*, 566 U.S. 231, 236, (2012) (citing *Oregon v. Ice,* 555 U.S. 160, 168–169 (2009) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."). Second, Hurst maintains counsel was ineffective for failing to request pre-sentence time served be credited from the imposed sentence. However, "[a]dministrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time [Hurst] has served, should such occur." *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (citing *Rogers v. United States,* 180 F.3d 349, 358 (1st Cir.1999) ("Once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination, by filing a habeas petition under 28 U.S.C. § 2241.") (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992); 28 C.F.R. §§ 542.10-542.16). Hurst has not stated that he exhausted his administrative procedures within the Bureau of Prisons and, therefore, his claim regarding his credit for time served is not well-taken. *See Pardue*, 363 F.3d at 699 ("The district court correctly left this credit calculation for time served issue to the Bureau of Prisons"). The Court finds that Hurst's claims for habeas relief fail on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Deontre Hurst's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 4th day of August, 2020.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE